SOMMERVILLE, J. The state appeals from the judgment quashing an information against these defendants for having gambled with cards, contrary to an ordinance of the police jury of Terrebonne parish.

The motion to quash was based on the allegation:

"That there was no statute of the state of Louisiana or the Police Jury of the parish of Terrebonne or of the municipality of the city of Houma under which the accused can be prosecuted."

There is a copy of the ordinance of the police jury of the parish of Terrebonne prohibiting gambling with cards, etc., in the record, but it does not appear to have been offered in evidence on the trial of the motion to quash.

There being no error apparent on the face of the record, the judgment appealed from is affirmed.

---

(86 South. 472)

No. 22544.

## PLANTERS' LUMBER CO. v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO.

(Feb. 2, 1920. On Rehearing Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

I. Insurance ☞437—Previous employment of boy under 14 does not prevent recovery on liability policy.

Though Act No. 301 of 1908 forbids the employment of minors under 14 and an employer's liability policy declared the insured should not be liable on account of accidents suffered by any child employed contrary to law as to age or by any child under the age of 14, the insurer cannot escape liability on account of an accident suffered by a child over 14 because the child had been previously employed by the insured before he reached the age of 14.

2. Insurance ☞437—Employer's offense in not obtaining certificate of age of minor employés does not prevent recovery on employer's liability policy.

Though an employer's liability policy declared that the insurer should not be liable on account of injury or death of any child employed contrary to law as to age or to any child under the age of 14, where the age was not restricted by statute, the insurer cannot escape liability on account of the death of a child over 14 because the employer failed to comply with Act No. 301 of 1908, § 6, making it an offense to employ a child over 14 until a certificate of age is secured, etc., and requiring the posting of a list of employés under a term, those provisions being regulatory and for the benefit of the factory inspectors having the duty of inspection, while the restriction in the policy has reference to employment contrary to law as to age.

Monroe, C. J., dissenting.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the Planters' Lumber Company against the Frankfort Marine, Accident & Plate Glass Insurance Company. From a judgment for defendant, plaintiff appeals. Judgment annulled, and judgment rendered for plaintiff.

Burke & Smith, of New Iberia, for appellant.

Beauregard & Wright, of New Orleans, and Weeks & Weeks, of New Iberia, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting appellant's demand and dismissing the suit for indemnity on a policy of insurance.

The policy contract was to indemnify the assured for loss or expense arising or resulting from claims for damages for personal injury or death of any employé in the sawmill of the assured, by reason of negligence.

While the policy was in force, an employé named McKinley Thomas was accidentally killed in the operation of a dangerous and defective machine. The boy's parents brought

suit, and recovered $5,000 damages for the negligence of the defendant, plaintiff in this suit. See Thomas v. Planters' Lumber Co., 137 La. 910, 69 South. 742.

The insurance company was promptly notified of the filing of the suit for damages, but, denying liability in the premises, refused to aid in the defense. Having paid the judgment, with interest and costs, the Planters' Lumber Company brought this suit for indemnity. The court costs, attorney's fee, and other expenses of the litigation amounted to $1,117.70, all of which items of expense are covered by the policy of insurance, unless the defense urged in this suit is well founded.

The defense or contention is that the boy, McKinley Thomas, was "employed by the assured contrary to law as to age," and that the insurance company is therefore exempt from liability, under the following stipulation in the policy, viz.:

"The company shall not be liable under this policy on account of any injury or death * * * suffered or caused by any person, young person or child employed by the assured contrary to law as to age, or suffered or caused by any child under the age of fourteen years where the age of employment is not restricted by statute."

[1] The boy had been employed by the assured before he was 14 years of age. His employment was by the day. He was out of employment for several weeks before the fatal accident, having injured his arm in a wrestling match with another boy. He was again employed, by the day, 15 days after he had arrived at the age of 14 years, and was killed on the fourth day of the last employment.

The proof being that the boy was beyond 14 years of age when last employed by the assured, the district court held that the employment was not contrary to law in that respect, or violative of the alternative condition of the policy, exempting the insurance company from liability on account of injury or death of a child "under the age of fourteen years."

Our opinion is that the ruling was correct. In fact, no argument is advanced by counsel for the insurance company in support of the proposition that the insurer should be exempt from liability by reason of the fact that the boy was under the age of 14 years when first employed by the assured, and notwithstanding he was over the age of 14 when the accident occurred.

In the first section of the law regulating the employment of children, Act No. 301 of 1908, p. 453, it is made a penal offense to employ a child under the age of 14 years to work in any factory or mill. The employment of the child before he was 14 years of age was therefore "contrary to law as to age," and the insurance company would not have been liable under the policy if the accident had happened before the boy was 14 years of age. But the stipulation in the policy, exempting the insurer from liability on account of injury or death of any child employed by the assured contrary to law as to age, refers to the employé's age at the time of the accident causing injury or death. The alternative stipulation, which applies only "where the age of employment is not restricted by statute," very plainly refers only to the age of the child at the time of his suffering or causing the injury or death, viz.:

"The company shall not be liable under this policy on account of any injury or death * * * suffered or caused by any child under the age of fourteen years where the age of employment is not restricted by statute."

The primary condition, applying where the age of employment is restricted by statute, being in the same sentence with the alternative condition that applies "where the age of employment is not restricted by statute," must also refer only to the age of the child at the time of his suffering or causing the injury or death. The context of the sentence

leaves no doubt that the expression "contrary to law as to age" means "under the age of employment restricted by statute." For it is certain that, in the absence of the statute fixing the minimum age of employment at 14 years, the fact that the boy was "under the age of fourteen years" when first employed by the assured would not bring the case within the alternative condition:

"The company shall not be liable under this policy on account of any injury or death * * * suffered or caused by any child under the age of fourteen years when the age of employment is not restricted by statute."

The reason is that the injury or death was not "suffered or caused by a child under the age of fourteen years." We see no reason for making a distinction between the meaning of the primary and of the alternative condition of the policy, where, under either condition, the minimum age of employment is the same, 14 years. To construe the exemption clause as contended by counsel for the insurance company would lead to the unreasonable conclusion that the insurance company would be exempt from liability in this case, because the boy was originally "employed by the assured contrary to law as to age," even if the boy had arrived at the age of majority when he was killed.

[2] Counsel for the insurance company do not rely so much upon the defense rejected by the district court, that the boy was under the age of 14 years when first employed, as upon the defense sustained by the district court; i. e., that the boy was, at the time of the accident, "employed by the assured contrary to law as to age," in two other respects, viz.: (1) That the assured had not procured a certificate of the boy's age; and (2) had not posted in the mill a list containing the name, age, and place of residence of every employé under the age of 18 years.

Section 6 of Act No. 301 of 1908 makes it a penal offense to employ in any mill or factory a child over the age of 14 years until an age certificate (as described in the statute) is produced and filed at the place of employment, or without immediately notifying the factory inspector and thereafter procuring the age certificate from the child within five days from the date of employment.

The same section of the statute requires, under penalty of fine or imprisonment, that every employer of five or more children under the age of 18 and over the age of 14 years, in any mill or factory, shall post and keep posted, in a conspicuous place in every room where such help is employed or permitted to work, a list containing the name, age, and residence of every employé under the age of 18 years. It is admitted that more than five boys under the age of 18 years and over the age of 14 years were employed in appellant's sawmill.

In view of the fact that the death of McKinley Thomas occurred on the fourth day of his last employment, we doubt that appellant was then guilty of a violation of the law requiring that an age certificate should be procured within 5 days from the date of employment. The violation of the law was the failure of the assured to notify the factory inspector immediately of the employment of the child. Conceding, too, that appellant's having failed to demand an age certificate of the boy was a violation of the statute, it did not concern the insurance company, or affect the company's risk, whether the boy was employed with or without an age certificate, the important fact being that he was not under 14 years of age at the time of the accident. Nor did it concern the insurance company, or affect the company's risk, that the assured neglected to post in the sawmill a list of the employés under the age of 18 years. The manifest purpose—and only purpose—of requiring the posting of a list of the employés under the age of 18 years is to facilitate the work of the factory in-

spectors, whose duty it is (under section 3 of the statute) to visit and inspect factories "at all reasonable times and as often as possible," and file in court a complaint of any violation of the law.

Each and every one of the 5 or more employés under the age of 18 years, working in the mill without a list of their names, ages, and places of residence being conspicuously posted, was, like the child from whom the assured had neglected to procure an age certificate, in a sense, "employed by the assured contrary to law as to age." But such employment was not violative of the policy contract; because the contract did not contain a warranty against any and all violations of the child labor law. For that reason, the doctrine, relied upon by the appellee, that any breach of warranty annuls a contract of insurance, is not pertinent to this case.

To hold that the stipulation, "the company shall not be liable under this policy on account of any injury or death suffered or caused by any person, young person or child employed by the assured contrary to law as to age," was intended as a warranty that the assured would obey every provision of the child labor laws, would result in an unreasonable conclusion. It would mean that the insurance company might evade liability by showing that the list of names of the employés under 18 years of age was not an accurate list, or that the posting of the list was omitted from one of the rooms where such employés worked, or that the place of posting the list was not conspicuous. And there are many other provisions of the statute, a violation of which might be invoked as a defense to a suit upon the policy. For example, section 14 of the statute requires, under penalty of fine or imprisonment, or of both fine and imprisonment, that every proprietor of a mill or factory where two or more children are employed shall furnish the employés a sanitary dressing room and lavatory, and a sanitary toilet for every 25 employés; and section 15 requires, under penalty of fine or imprisonment, or of both fine and imprisonment, that every mill or factory where children are employed shall be painted or limewashed when deemed necessary and so ordered by the health authorities. Would the insurance company contend, if the assured had neglected to provide a dressing room or lavatory, or the sanitary toilet for every 25 employés, or had disobeyed an order of the health authorities to paint or limewash the sawmill, that the company was thereby relieved from liability for an accidental injury or death of a child, merely because the employé, being a child, was "employed by the assured contrary to law as to age"? The further we investigate, the more firmly are we convinced that the expression in the policy, "contrary to law as to age," means "under the age of employment restricted by statute," which in this case means under the age of 14 years—the same as "where the age of employment is not restricted by statute."

Counsel for the insurance company cite the decision in Alexander v. Standard Oil Co., 140 La. 54, 72 South. 806, where the defendant employer was declared negligent for failing to demand an age certificate in employing a child. The child who suffered the injury in that case was under the age of 14 years, though he was apparently several years older, and pretended that he was 16. And it was the fact that the child, employed in a dangerous occupation, was under the age of 14 years, that rendered the employer liable in damages for the injury suffered by the child. The failure of the employer to demand an age certificate of the child in that case, was pointed out as statutory negligence, in answer to the showing that the employer had believed, in good faith, that the child was over the age of 14 years. The parents of McKinley Thomas, however, did not, in the suit in which they recovered dam-

ages for his death, plead violation of the child labor law, nor was the statute referred to in deciding the case. Of course, the employer was negligent in failing to demand of the child the age certificate required by law. But that was not the negligence for which the employer was held liable in damages for the death of the boy. By the terms of the policy sued on, the insurance company has agreed "to indemnify * * * the assured against loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death by reason of negligence."

Our conclusion is that the insurance company is not exempt from liability by the exclusion clause invoked as a defense to this suit.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, Planters' Lumber Company, recover of and from the defendant, Frankfort Marine, Accident & Plate Glass Insurance Company, now called the Frankfort General Insurance Company, the sum of $6,117.70, with interest at 5 per cent. per annum on $5,000 from the 29th of June, 1915, and on $1,117.70 from the 3d of July, 1916; and that the defendant pay the costs of this suit.

DAWKINS, J., concurs in the decree.

## On Rehearing.

PROVOSTY, J. On reconsideration of this case the court has concluded to adhere to the views expressed in the opinion heretofore handed down herein.

The decree heretofore handed down herein, and from which a rehearing was granted, is therefore reinstated and made the judgment of the court.

See dissenting opinion of MONROE, C. J., 86 South. 474.