Brown Shoe Company, Inc., a Corporation, Respondent, v. Aetna Life Insurance Company, a Corporation, Appellant.*

St. Louis Court of Appeals.    Opinion filed January 11, 1927.

**Insurance—Indemnity Insurance—Minor—Employed Contrary to Law as to Age—Failure to Post List—Liability.** Where an employment certificate had been issued by the proper officer of the board of education authorizing a boy fifteen years old to work, which certificate was exhibited to and examined by one of the officers of employer at the time the boy was employed, but was not kept in its office, employer's failure to post a list of minor employees over fourteen and under sixteen years of age, as required by Laws of 1911, page 133, section 1717, or to place on file at the time of employment an employment certificate as provided by section 1718, Laws of 1911, page 133, did not defeat insured's right to be indemnified against loss for claims made upon it for damages for injuries sustained by such employee while yet fifteen, under employer's liability policy, notwithstanding the policy provided that insurer shall not be liable for any injury sustained by any person, young person, or child, employed by insured contrary to law as to age, as the fact that the list was not posted was a mere irregularity which did not increase insurer's hazard or, in any material way affect the risk, and the employment certificate was produced when the boy was employed.

---

*Corpus Juris-Cyc References: Liability Insurance, 33CJ, p. 1088, n. 30.

Appeal from the Circuit Court of the City of St. Louis.—Hon. M. Hartmann, Judge.

Affirmed.

Watts & Gentry for appellant.

(1) The court erred in rendering judgment for the plaintiff in this case, because the liability policy sued on exempts the Insurance Company from reimbursing the assured (respondent) for damages suffered when the injured person is a child employed by the assured contrary to law as to age, and the boy Courtney was employed contrary to such law in two particulars, to-wit: First, the failure of the employer to keep the two lists of minor children under the age of sixteen years employed in its factory, as required by the Act of 1911, section 1717; and, second, its failure to keep the employment certificate issued to plaintiff by the Board of Education on file in the office of respondent in its factory. (a) Since the employment of Courtney was illegal as to age, such employment afforded Courtney a right of recovery under the laws of Missouri. His employment being illegal as to age and the policy of insurance providing that the insurer, appellant, should not be liable under its policy on account of injury suffered by a child employed by the assured contrary to law as to age, the respondent violated the terms of the contract and the Insurance Company is, therefore, not liable to the employer. The mere fact that other grounds of negligence than illegal employment as to age were alleged by Courtney in his petition in his suit for damages against respondent could not defeat the insurance company's right to deny liability on account of the illegal employment because of said age. Laws of Missouri 1911, sec. 1717 and 1718; Kleeman v. New Amsterdam Ins. Co., 164 S. W. 167; Wind River Lbr. Co. v. Frankfort Marine Accident & Pl. Gl. Ins. Co., 196 Federal. 340; Unnewehr Co. v. Standard Life & Accdt. Ins, Co., 176 Fed. 16; Goodwillie v. London Guarantee & Accdt. Co., 108 Wis., 207; Buffalo Steel Co. v. Aetna Life Ins. Co., 136 N. Y. Supp. 977, affirmed in 109 N. E. 1067, by the N. Y. Court of Appeals; Gise v. F. & C. Co., 206 Pac. 624; Buffum v. Woolworth Co., 273 S. W. 176; Washburn v. Printing Co., 249 S. W. 709; Boesel v. Wells Fargo, 260 Mo. 463. Such statutes must be liberally construed in favor of the minor employee, because they are in accord with sound public policy, and the protection of minor children is of the utmost importance. 36 Cyc., 1173; DeSoto v. Coal Mining Co., 177 Ala. 186; Railway v. Voelker, 129 Fed. 522; Stricklin v. Printing Co., 249 Mo. 614; Mylett v. Montrose Cloak, etc., Co., 249 S. W. 97. (b) Failure to comply with any requirement of such statutes constitutes unlawful employment of a minor child whose employment is regulated thereby and gives a right of action to such child when injured in its employment. Failure to have an affidavit of parents as to age on file as required by such a statute renders the employment illegal. Wind River Lbr. Co. v. Frankfort Marins Ac., etc., Co., 196 Fed. 340; Syzeszwski v. Schmidt, 153 Mich. 438; Mid-West Box Co. v. Hazzard, 146 N. E. 420. (c)

Failure to obtain a certificate of employment and keep it on file as required by such statutes renders the employment illegal. Buffalo Steel Co. v. Aetna Life Ins., Co., 136 N. Y. Supp. 977; Mason-Henry Press v. Aetna Life Ins. Co., 211 N. Y. 489; Stetz v. Mayer Boot & Shoe Co., 156 N. W. 971; Maryland Casualty Co. v. Industrial Accident Commission, 178 Pac. 858; Miller Mfg. Co. v. Loving, 99 S. E. 591; Klicke v. Steel Co., 200 Fed. 933; Buffum v. Woolworth Co., 273 S. W. 176. (d) Failure to keep two lists of employees between the ages of fourteen and sixteen years in the office of the factory, one on file in its office and the other posted near the principal entrance to the place of work, has been expressly held to make the employment of a minor child between fourteen and sixteen years of age illegal. Chabot v. Pittsburgh Plate Glass Co., 259 Pa. St. 504. (e) Neither misrepresentation by the child or its parents as to age, nor contributory negligence on the part of such child can defeat its cause of action growing out of injury when its employment was illegal because of the violation of any such provision of the child labor law. Buffum v. Woolworth, 273 S. W. 176; Syzeszwski v. Schmidt, 153 Mich. 438; Stets v. Monroe Boot & Shoe Co., 156 N. W. 171; Kirkham v. Wheeler-Osgood Co., 81 Pac. 864. (2) Sections 1717 and 1718 of the Act of 1911 are constitutional. The subject-matter contained in them is clearly within the title to the Act. This distinguishes these sections from section 1726b, which the Supreme Court held unconstitutional in Berry v. Majestic Milling Co., 223 S. W. 738. The holding of section 1726b unconstitutional does not invalidate sections 1717 or 1718. State ex rel. v. St. Louis, 241 Mo. 142; State ex rel. v. Gordon, 236 Mo. 142; State ex rel. v. Southern, 177 S. W. 640; Simpson v. Watts, 155 S. W. 810.

*Jones, Hocker, Sullivan & Angert* for respondent.

(1) Appellant relies for defense on mere irregularity with respect to posting lists of minors and keeping employment certificate in respondent's office, neither of which alleged irregularities, under the facts herein, contributed to injury of Courtney, nor could have increased the insured's hazard or given Courtney a right of action against the respondent. Boesel v. Wells Fargo Company, 260 Mo. 493; Dugdale v. Railway Light, Heat & Power Co., 195 Mo. App. 243. Courtney, in his petition, did not allege a violation of the statute with respect to posting a list of minors or keeping the employment certificate in respondent's office, but alleged only a violation of section 1726B (p. 134, Laws of Mo. 1911), which has since, by the Supreme Court, been declared unconstitutional in the case of Berry v. Majestic Milling Company, 223 S. W. 738. (2) The liability or nonliability of appellant is to be determined only by the terms of the policy. The policy reads: "The company shall not be liable  .  .  .  on account

of injury . . . suffered by any person . . . employed by the assured contrary to law *as to age.*" (Italics ours.) The policy only prevents liability where employment was contrary to law because of age of employee or where there was no statute if employee under fourteen years of age. Courtney was fifteen years of age at time of accident. It is familiar law the language of this policy must be construed most strongly against the insurer, and any ambiguity in its meaning must be resolved against the appellant. Bothman v. Insurance Company, 299 Mo. 269; Stark v. Insurance Company, 176 Mo. App. 574. (3) It did not concern the insurance company or affect its risk whether Courtney was employed with or without an employment certificate on file in respondent's office, or whether two lists of such minors employed were kept by respondent and one posted at the entrance of place where such employment occurred, and under a policy such as here is under consideration, appellant is liable whether or not employment certificate was on file in respondent's office or whether a list of such minors was kept posted at entrance where such minors were employed. It has been so held by an eminent court in construing this identical contract. Planters Lumber Company v. Frankfort Ins. Co., 147 La. 1003, 86 So., 472. To hold that the stipulation, "the company shall not be liable . . . on account of injury . . . suffered by any person . . . employed by the assured, contrary to law as to age," was intended to mean if any provision whatever of child labor laws, aside from that as to age, was not completely complied with by respondent, appellant would be relieved of liability, would be an unreasonable conclusion. It would mean the insurance company might evade liability in this case by showing the list of employees between sixteen and fourteen was not an accurate list, or was posted in only four out of five of the rooms where such minors were employed, or that employer failed to comply with section 1716 of Act of 1911, requiring that there be conspicuously posted in each room where such minors are employed a printed notice, hours of service required each day of week and hours of commencing and ceasing work, and the hours allowed for meals to begin and end. (4) Cases cited by appellant not applicable to policy worded as this one is. Cases cited by appellant show each contained provision that policy did not cover loss occasioned by or suffered by any child employed by assured contrary to law, thereby specifically providing in plain terms that any violation of law would relieve insurer of liability. But policy herein expressly provides insurer relieved from liability only when employment was contrary to law, because of the age of the employee.

NIPPER, J.—This action originated in the circuit court of the city of St. Louis. Plaintiff is a manufacturer of shoes, and operates factories in St. Louis, Missouri, and elsewhere. The defendant is an in-

surance company, authorized to do business in this State. The Frank-
fort General Insurance Company issued a policy of insurance to the
plaintiff, whereby it agreed to indemnify the plaintiff against loss or
expense arising from claims made upon the plaintiff for damages on
account of injuries sustained by its employees. During the period
covered by the contract of insurance, one of plaintiff's employees,
William B. Courtney, Jr., sustained an injury as the result of the
alleged negligence of the plaintiff. · Courtney filed suit against the
plaintiff, and recovered judgment, which the plaintiff paid. The
Aetna Life Insurance Company, the present defendant, assumed all
the obligations of the Frankfort Company before the filing of this suit.
Defendant refused to defend the suit of Courtney against plaintiff.

That part of the answer of the defendant which sets forth the
principal defense to this action alleges that it is not liable, because it
is provided in the policy of insurance:

"The company shall not be liable under this policy on account of
any injury or death . . . suffered or caused by any person,
young person or child, employed by the assured contrary to law as to
age, or suffered or caused by any child under the age of fourteen years
where the age of employment is not restricted by statutes." The
answer then alleges that plaintiff was employing William B. Court-
ney, Jr., contrary to the law of Missouri as to age, and was unlawfully
keeping him in its employment without having his name upon two
complete lists of the names, ages, and addresses or residences of all
children employed, one on file, and one posted near the entrance to
the establishment, and that there had not been first produced and
placed on file at the time of his employment, and accessible to any fac-
tory inspector or school attendance officer, an employment certificate
issued by the board of education.

The reply attempted to raise a constitutional question, and the
case originally went to the Supreme Court on appeal, but was trans-
ferred to this court on the ground that no constitutional question had
been properly raised and preserved. A jury was waived, and the
case was tried by the court upon an agreed statement of facts. We
set out here a portion of this agreed statement of facts:

"That plaintiff is a manufacturer of shoes and conducts several
factories in the city of St. Louis; that after the issuance of the in-
surance policy above mentioned the plaintiff employed one William
B. Courtney, Jr., to work in one of its factories; that Courtney was,
at that time, and at the time of the happening of the accident herein-
after mentioned, a minor, of the age of fifteen (15) years; that the
said William B. Courtney, Jr., had previously applied to the Board
of Education of the city of St. Louis, Missouri, for an employment
certificate; that he was examined by the said Board of Education on
October 26, 1917, and on that date a permit was issued to him by the

proper officer of the Board of Education, in full compliance with the laws of Missouri relative to the issuance of permits for children between the ages of fourteen (14) and sixteen (16) years; that at the said time it was the custom of the Board of Education to issue said employment certificate directly to the minor, and not to the employer, and, in compliance with the custom the employment certificate was given to the said William B. Courtney, Jr., that the said William B. Courtney, Jr., was employed by the Leschen Rope Company, of the city of St. Louis, and by the Morrison Printing Company, prior to the time he was employed by plaintiff; that at the time of his employment by the plaintiff a certified copy of the employment certificate above referred to was on file with the Board of Education of the city of St. Louis and with the State Factory Inspector of the State of Missouri, and available for the inspection of any factory inspector or any school attendance officer, or any other authorized officer at said place; that at the time of his employment by the plaintiff the original of said certificate was exhibited to and examined by one of the officers of the plaintiff herein, but was not kept in the office of the plaintiff; that plaintiff kept on file a complete list of the names, ages and places of residence of all persons employed in the said factory, but did not have the name of the said William B. Courtney, Jr., on two complete lists of all children employed therein, one on file and one posted near the entrance of its said factory.

"After the employment of the said William B. Courtney, Jr., and on the 24th day of May, 1918, while he was then fifteen (15) years of age, and working in the plaintiff's factory, and while assisting in replacing a belt on a power-driven machine, he sustained permanent and severe bodily injuries, consisting of having his left arm and shoulder torn from his body, six (6) of his ribs and his left leg and ankle broken and fractured, and his head, limbs and body crushed, bruised and contused; that the plaintiff duly notified the Frankfort General Insurance Company of the said injury to William B. Courtney, Jr., and the said Frankfort General Insurance Company disclaimed any liability to the plaintiff under the terms of said policy on the ground that said William B. Courtney, Jr., was at said time being employed contrary to law as to age, and the said Frankfort General Insurance Company refused to indemnify the plaintiff or pay any expenses in connection with the said injuries."

Judgment was rendered for plaintiff, and defendant appeals.

There is only one real question in the case here. The contention of the defendant is that the plaintiff was violating the statutes of Missouri pertaining to the employment of minors when Courtney was injured, and is, therefore, by the terms of the policy, precluded from recovery. Plaintiff's contention is that the stipulation in the policy that the company shall not be liable on account of injury suffered by any

person employed by plaintiff contrary to law as to age was not intended to mean that any and all violation of the provisions of the child labor laws would relieve defendant from liability.

Section 1717, Laws of 1911, page 133, make it the duty of every person, firm, or corporation employing minors over fourteen and under sixteen years of age, to keep two complete lists, containing the names, ages and places of residence of all such children employed, one on file, and one conspicuously posted near the principal entrance of the establishment where such children are employed. Section 1718, on the same page, provides that no child under sixteen years of age and over fourteen shall be employed, unless there is first produced and placed on file at the time of employment, and accessible to any factory inspector and any school attendance officer, or any other authorized officer, an employment certificate.

A number of cases are cited by defendant to sustain its contention that it is not liable because plaintiff violated the law with respect to the employment of Courtney. Among other cases, is the one of Kleeman Co. v. New Amsterdam Casualty Co., 177 Mo. App. 397, 164 S. W. 167, where a similar statute was involved. In that case, an employer brought suit against an insurance company, as in this case. A minor sought employment with the Kleeman Company, stating that he was over sixteen years of age. The company took his word as to his age, and did not procure an employment certificate. The boy was under sixteen, and, before he became sixteen he was injured. The insurance company disclaimed liability because of the boy's age, and insisted that it was exempt from all liability under the terms of the policy. The policy in that case, however, was different from the provisions of the policy in the instant case. In the Kleeman case the policy exempted the insurance company from liability if the loss arose from injuries suffered or caused by a child employed by the assured "contrary to law."

The policies in the other cases cited by defendant contained similar provisions, some of them using the language, "in violation of law," and other, "illegally employed," or, "contrary to law." This policy, however, uses the term, "contrary to law as to age."

An identical provision in an insurance policy was construed by the Supreme Court of Louisiana, in Planters Lumber Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co., 147 La. 1003, 86 Southern Reporter, page 472. The facts in that case were very similar to those before us. Not only are the facts alike, but the statutes involved are very much like those involved in the instant case. There, the boy was under fourteen years of age when he was employed, and over fourteen years of age at the time he was injured. That case is so well reasoned that we quote therefrom at some length. In discussing this provision in the policy, the court said:

"The employment of the child before he was fourteen years of age was therefore 'contrary to law as to age,' and the insurance company would not have been liable under the policy if the accident had happened before the boy was fourteen years of age. But the stipulation in the policy, exempting the insurer from liability on account of injury or death of any child employed by the assured contrary to law as to age, refers to the employee's age at the time of the accident causing injury or death. The alternative stipulation, which applies only 'where the age of employment is not restricted by statute,' very plainly refers only to the age of the child at the time of his suffering or causing the injury or death, viz.:

" 'The company shall not be liable under this policy on account of any injury or death . . . suffered or caused by any child under the age of fourteen years where the age of employment is not restricted by statute.'

"The primary condition, applying where the age of employment is restricted by statute, being in the same sentence with the alternative condition that applies 'where the age of employment is not restricted by statute,' must also refer only to the age of the child at the time of his suffering or causing the injury or death. The context of the sentence leaves no doubt that the expression 'contrary to law as to age' means 'under the age of employment restricted by statute.' For it is certain that, in the absence of the statute fixing the minimum age of employment at fourteen years, the fact that the boy was 'under the age of fourteen years' when first employed by the assured would not bring the case within the alternative condition:

" 'The company shall not be liable under this policy on account of any injury or death . . . suffered or caused by any child under the age of fourteen years when the age of employment is not restricted by statute.'

"The reason is that the injury or death was not 'suffered or caused by a child under the age of fourteen years.' We see no reason for making a distinction between the meaning of the primary and of the alternative condition of the policy, where, under either condition, the minimum age of employment is the same, fourteen years. To construe the exemption clause as contended by counsel for the insurance company would lead to the unreasonable conclusion that the insurance company would be exempt from liability in this case, because the boy was originally 'employed by the assured contrary to law as to age,' even if the boy had arrived at the age of majority when he was killed."

In discussing the other phase of the case, with respect to the failure to post notices, we quote further:

"Nor did it concern the insurance company, or affect the company's risk, that the assured neglected to paste in the sawmill a list of the

employees under the age of eighteen years. The manifest purpose—and only purpose—of requiring the posting of a list of the employees under the age of eighteen years is to facilitate the work of the factory inspectors, whose duty it is (under section 3 of the statute) to visit and inspect factories 'at all reasonable times and as often as possible,' and file in court a complaint of any violation of the law.

. . . . . .

"To hold that the stipulation, 'the company shall not be liable under this policy on account of any injury or death suffered or caused by any person, young person or child employed by the assured contrary to law as to age,' was intended as a warranty that the assured would obey every provision of the child labor laws, would result in an unreasonable conclusion. It would mean that the insurance company might evade liability by showing that the list of names of the employees under eighteen years of age was not an accurate list, or that the posting of the list was omitted from one of the rooms where such employees worked, or that the place of posting the list was not conspicuous. And there are many other provisions of the statute, a violation of which might be invoked as a defence to a suit upon the policy. . . . The further we investigate, the more firmly are we convinced that the expression in the policy, 'contrary to law as to age,' means 'under the age of employment restricted by statute,' which in this case means under age of fourteen years—the same as 'where the age of employment is not restricted by statute.' "

An employment certificate had been issued to Courtney. It was produced when he was employed by the plaintiff. The fact that the list was not posted would be a mere irregularity which could not, in our opinion, increase defendant's hazard, or in any material way affect the risk. There was no allegation in the petition of Courtney that these particular sections of the statute had been violated.

The judgment of the circuit court is affirmed. *Daues, P. J.,* and *Becker, J.,* concur.