Hillsborough, } No. 3363.
Dec. 1, 1942. }

### The Ocean Accident and Guarantee Corporation, L'т'd

*v.*

### Peoples Wet Wash Laundry Co. & a.

*Thorp & Branch,* by brief, for the plaintiff.

*McLane, Davis & Carleton,* for defendant Pinard furnished no brief.

*Chretien & Craig,* by brief, for the defendant company.

BURQUE, J. P. L., c. 118, s. 24, provides: "No child under sixteen years of age shall be employed, or permitted or suffered to work, in, about or in connection with, any place or establishment named in section 18, unless the person, firm or corporation employing such child, procures and keeps on file and accessible to any truant officer, or other authorized inspector, an employment certificate as hereinafter prescribed." One of the places or establishments named in section 18 is a "workshop," such as young Roger was employed in.

He being under sixteen years of age, and the defendant company employer not having procured and kept on file "an employment certificate" as required by law, the plaintiff claims the boy was not "legally employed" and therefore the policy does not cover the risk. The position is well taken. *Blanke-Baer &c. Co.* v. *Corporation,* (Mo.) 96 S. W., Rep. (2d), 648, 651.

The statutory provision prohibiting employment of children under 16 without compliance with the statute, non-compliance therewith renders the employment illegal. *Belmont* v. *Parent,* 90 N. H. 249. It, therefore, follows the policy does not cover, since

its contract of insurance to indemnify applies only in cases where the employees are legally employed. Couch, Insurance, Vol. 6, *s.* 1278, *p.* 4699, and cases cited. Among others, particularly applicable to the instant case is *Miller Mfg. Co.* v. *Insurance Co.,* 150 Va. 495, in which is found an exhaustive review of authorities on the subject.

The defendant concedes there was a technical violation of the statute, but takes the position there was no material violation of the law, claiming the employer acted in good faith and without knowledge of the child being below sixteen. He offers evidence to the effect that the child falsified his age and stated he was over sixteen. The offer was excluded and properly so. It makes no difference what the child may have told the employer. It was the defendant's duty to ascertain the true fact. The statute is clear, explicit and mandatory. It places the burden on the employer to secure and keep on file the certificate required by law. Neither the employer's good faith nor fraud on the part of the employee enter into the case. *Lockwood* v. *Insurance Co.,* 8 Ohio App. 444; *Kleeman Co.* v. *Insurance Co.* 177 Mo. App. 397; *United Waste Mfg. Co.* v. *Casualty Co.,* 148 N. Y. Supp. 852.

Nor is the defendant's position that the policy of the law is to apply the requirements only while public schools are in session tenable. *Lindell* v. *Stone,* 77 N. H. 582, cited in support of this contention, is not in point. What is held in that case is that evidence of the employer's non-compliance with the provisions of the statute then in force (Laws 1911, *c.* 162), was not relevant upon the issue of the employer's negligence, in a suit brought to recover damages for injuries resulting to a minor under fifteen years of age while in the performance of his work. True it is there said (*p.* 584): "The prohibition applies when the public schools are in session. In vacation time a boy of fifteen is allowed to work in the designated places; and that fact shows that his protection from physical harm was not the purpose of the statute." The decision was based on *s.* 2, *c.* 162, Laws 1911, which provided that the employment shall not occur "while the public schools are in session." There was then no legislation regarding employment of minors in vacation time. In 1915, however, Laws 1915, *c.* 61, *s.* 2, the 1911 act was amended, adding a provision regulating such employment in vacation time. A modified certificate was then required limiting the months during which a minor could be employed. This certificate did not require a statement that the child could read simple sen-

tences. It was simply in effect a certificate of good health, which permitted the employment. This law was reënacted in Laws 1921, c. 85, s. 25 (3); and in P. L., c. 118, ss. 27 and 28.

The defendant takes the further position that even though the insurance company may not be obligated to pay the damages recoverable by the employee, it is obligated to defend the suits at law, by reason of clause 3 in the policy which provides that the insurance company shall "defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

The primary obligation of the insurer is "to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed." That obligation being removed there is no further duty on the part of the insurer to defend actions against the insured. This is decided very definitely in *Lumbermen's Mutual Casualty Co.* v. *McCarthy*, 90 N. H. 320, 321, 323, and cases cited. For further authority on this point see *United Waste Mfg. Co.* v. *Casualty Co., supra.*

*Judgment for the plaintiff.*

BRANCH, J., did not sit: the others concurred.