Hillsborough
No. 79-379
No. 79-380

### ROYAL GLOBE INSURANCE COMPANY

v.

### DOLORES POIRIER, ADMINISTRATRIX OF THE ESTATE OF ARTHUR POIRIER, III, ALBERT A. SALLE, d/b/a SALLE AND SON

### ROYAL GLOBE INSURANCE COMPANY

v.

### NASHUA SCHOOL DISTRICT #42, ALBERT A. SALLE, d/b/a SALLE AND SON

June 12, 1980

*Devine, Millimet, Stahl & Branch,* of Manchester (*Andrew D. Dunn* orally), for the plaintiff, Royal Globe Insurance Company.

*Hamblett & Kerrigan,* of Nashua (*John V. Dwyer, Jr.,* orally), for the defendant, Dolores Poirier, administratrix.

*Winer, Lynch & Pillsbury,* of Nashua (*Robert W. Pillsbury* orally), for the defendant, Albert Salle, d/b/a Salle and Son.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*James C. Wheat* orally), for the defendant, Nashua School District #42.

KING, J. These appeals arise from declaratory judgment actions filed by the plaintiff, Royal Globe Insurance Company, seeking to determine coverage under two insurance policies issued by the plaintiff to the defendant, Albert A. Salle, d/b/a Salle and Son (hereinafter Salle). Trial by the Court (*Wyman,* J.) resulted in verdicts for the plaintiff and rulings that it was not obligated to provide coverage to the defendant under either policy. The defendant's exceptions were reserved and transferred.

Salle contracted with Nashua School District #42 to perform masonry restoration of the Spring Street Junior High School. On July 30, 1975, approximately two weeks after work on the project commenced, a scaffolding erected by Salle collapsed, causing two workmen to fall to their deaths, and a third to sustain bodily injury.

Dolores Poirier, administratrix of the estate of Arthur Poirier, has brought suits against ATO, Inc. (the manufacturer of the scaffolding), the Nashua School District and Albert A. Salle seeking damages arising out of the death of Arthur Poirier, one of the workmen. All are consolidated for trial and are presently pending in Hillsborough County Superior Court. Each action alleges, *inter alia,* that bodily injury had been sustained due to the failure of Salle to perform his work in a careful and workmanlike manner and asserts that the Nashua School District should be held responsible by virtue of its non-delegable duty to answer for Salle's negligence.

The Nashua School District has instituted third-party actions for indemnity against Salle for any damages sustained by it in the pending actions. Salle had procured two insurance policies through the Bechard Insurance Agency of Nashua. Both policies, a "Workmen's Compensation and Employer's Liability Policy" and a "Manufacturers and Contractors Liability Insurance Policy," were issued by Royal Globe Insurance Company (hereinafter Royal Globe) through the Bechard Agency. Relying on certain policy

exclusions, Royal Globe asserts that it has no obligation to defend Salle or to pay any judgment rendered against him in the actions instituted by the Nashua School District. This appeal concerns only the extent of coverage under the two insurance policies.

## I. *Workmen's Compensation and Employer's Liability Policy*

█ The "Workmen's Compensation and Employer's Liability Policy" secures an employer's obligations under State workmen's compensation statutes, RSA ch. 281. The carrier simply and clearly obligated itself:

> To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

The policy provides coverage for such claims against an employer arising out of an injury to an employee whether imposed by a direct action or otherwise (*i.e.*, third-party indemnity actions). Royal Globe is, therefore, obligated to provide coverage to Salle under this policy but for the existence of any applicable exclusions. Royal Globe denies coverage under a provision in the policy which excludes coverage:

> with respect to any employee employed in violation of law with the knowledge or acquiescence of the insured or any executive officer thereof. . . .

At the time of the accident, Poirier, then age sixteen, was on a summer vacation from high school. The superior court ruled that Poirier possessed an employment certificate within the meaning of RSA 276-A:5. No evidence has been presented which requires a finding that the trial court erred in arriving at such a conclusion. The trial court also ruled, however, that Poirier's employer, Salle, did not have a copy of the employment certificate possessed by Poirier "on file" at his place of business as required by RSA 276-A:5 V. The trial court concluded that Poirier was, therefore, "employed in violation of law" within the meaning of the policy exclusion, thereby relieving Royal Globe of its obligation to defend or indemnify Salle.

█ The question then becomes whether the failure of an employer to keep a youth certificate "on file" constitutes a "violation of law" within the meaning of the policy exclusion. RSA

276-A:4, captioned "Prohibitions", provides in part that "[n]o youth shall be employed or permitted to work without a certificate . . . ." RSA 276-A:4 II. This requirement is intended to prevent the employment of children under eighteen years of age in types of labor expressly prohibited by the statute. *Ocean Accident & Guaranty Corp. v. Laundry Co.*, 92 N.H. 260, 29 A.2d 418 (1942).

RSA 276-A:5 V, captioned "Certificate", also provides that employers should keep on file copies of the certificates. The filing requirement, however, is not associated with the harm sought to be prevented by the statute as expressed in the prohibition's section. Rather, the filing requirement is a ministerial act to be performed by the employer to aid the statute's enforcement. *See* Laws 1921, 85:31 *et seq. Cf. Ocean Accident & Guaranty Corp. v. Laundry Co. supra* (employment of a minor without procuring *and* keeping on file an employment certificate is illegal and the policy affords no coverage).

■ A mere ministerial violation of the "Youth Employment Law" is insufficient to void coverage provided under an employer's liability policy. *Brown Shoe Co. v. Aetna Life Ins. Co.*, 220 Mo. App. 649, 657, 291 S.W. 522, 525 (1927); *Planters' Lumber Co. v. Frankfort Marine, A. & P.G. Ins. Co.*, 147 La. 1003, 86 So. 472 (1920); *see Nat. Grange Mut. Ins. Co. v. Schneider*, 162 N.J. Super. 227, 392 A.2d 641 (1978).

■ We hold, therefore, that the failure of an employer to keep "on file" a youth employment certificate under RSA ch. 276-A did not constitute such a "violation of law" that would allow an insurer to deny coverage under a "Workmen's Compensation and Employer's Liability Policy" exclusion for those employed in "violation of the law." Such a holding is in harmony with the expressed policy of the Youth Employment Law, RSA ch. 276-A, which is "to foster the employment of young people while, at the same time, providing the necessary safeguards made necessary by their age." RSA 276-A:1.

■ Moreover, we hold that an ordinary layman in the position of the insured could not be reasonably expected to understand that his failure to have a certificate "on file" would void his employer's liability coverage for the death of a worker. *See Commercial Union Assurance Cos. v. Gollan*, 118 N.H. 744, 745, 394 A.2d 839, 841 (1978). The plaintiff is, therefore, obligated to provide a defense and pay any judgment rendered against Salle in the action of the

Nashua School District for indemnity insofar as it relates to compensable damages.

## II.  *Manufacturers and Contractors Liability Insurance Policy*

■ ■ Under the "Manufacturers and Contractors Liability Insurance Policy", Royal Globe agreed "to pay on behalf of Salle all sums which he should become legally obligated to pay as damages because of bodily injury to which the insurance applies." If this broad general grant of coverage is to be limited, it must be done "in terms which would effectively convey this exclusion to a reasonable person in the position of the insured." *American Asbestos Textile Corp. v. American Mut. Liab. Ins. Co.*, 114 N.H. 806, 809, 330 A.2d 451, 454 (1974). Royal Globe denies coverage under policy provision "j" which excludes coverage for:

> bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury. . . .

This provision, however, is not a clear warning to the insured that claims of the estate of a deceased employee would not be covered. The provision first excludes coverage for "bodily injury to any *employee* of the insured" (emphasis added). The objective of this exclusionary clause is to avoid duplication of coverage with respect to the subject matters covered by a standard "Workmen's Compensation and Employer's Liability Policy." *See Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. 12, 351 A.2d 891 (1976).

■ Exclusion "j" then goes on to preclude coverage for "any obligation of the insured to indemnify another because of *damages* arising out of such injury" (emphasis added). The intent here is to prevent recovery by an indirect action of damages properly compensable under workmen's compensation. *See Wentworth Hotel v. Gray, Inc.*, 110 N.H. 458, 272 A.2d 583 (1970). We recognize that the scope of damages recoverable by a plaintiff in a common law action is greater than in a compensation proceeding. *Ransmeier v. Camp Cody, Inc.*, 117 N.H. 736, 378 A.2d 752 (1977); *Wentworth Hotel v. Gray, Inc. supra.* Were we to extend the language of exclusion "j" to include the broad interpretation that Royal Globe now claims, an employer could very well be required to indemnify damages that are not compensable under the workmen's

compensation statute, damages from which his insurer is immunized. We regard this as an anomalous result. Instead, we adopt that interpretation of the exclusionary language that most clearly coincides with what must have been the intent of the parties. We hold that exclusion "j" does no more than exclude from liability coverage those damages that are compensable under a workmen's compensation policy.

Moreover, we do not find that the language of exclusion "j" effectively conveys to a reasonable person in the position of the insured that in an indemnity action all damages, whether or not covered by workmen's compensation, are excluded. *See American Asbestos Textile Corp. v. American Mut. Liab. Ins. Co. supra.*

In the instant case, many of the damages claimed against the defendant are not covered under the workmen's compensation policy. Accordingly, Royal Globe is obligated to provide coverage under its contractor's liability policy for damages in an indemnity action to the extent the damages are not covered under its workmen's compensation policy.

*Exceptions sustained.*

All concurred.