PEARSON SERVICES, INC., an Iowa Corporation,

John Morrell & Company (Intervenor Below), Appellant,

v.

INA INSURANCE COMPANY,

Adriatic Insurance Company, Appellee.

No. 90–3026.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided June 27, 1991.

James P. Craig, Philip D. Brooks and Mark J. Herzberger, Cedar Rapids, Iowa, for appellant.

Kermit Anderson, Des Moines, Iowa, for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

MAGILL, Circuit Judge.

This is a "recovery over" declaratory action in which we resolve a dispute relating to an insurance policy provision that excludes from coverage certain indemnification obligations of the insured. John Mor-

rell & Company appeals from the district court's[1] grant of summary judgment in favor of Adriatic Insurance Company, arguing that the district court erred in holding that the insurance policy Adriatic issued to Pearson Services, Inc., does not provide coverage for Morrell's claim against Pearson. We affirm.

## I.

In the spring of 1988, Pearson Services, Inc. (Pearson), entered into an oral contract with John Morrell & Company (Morrell) to clean the sewer lines at Morrell's Sioux Falls, South Dakota plant. On April 5, 1988, Douglas Baedke, a Pearson employee, was overcome by toxic gases while cleaning the sewer lines. On November 14, 1988, Baedke and his family sued Morrell for negligence.[2] On June 15, 1989, Morrell brought a third party action against Pearson for indemnification, based on a written hold harmless and indemnification agreement between the two.

Pearson sought coverage from its insurance carrier, Adriatic Insurance Company (Adriatic), for Morrell's indemnification claim.[3] When Adriatic informed Pearson that its policy excluded coverage for liability assumed under any contract or agreement, Morrell amended its indemnification claim and based the claim instead on the theory that Pearson breached a contract-based duty owed Morrell to perform the sewer cleaning job in a safe and efficient manner. Adriatic again denied coverage, claiming that its policy excluded coverage for such a claim.

The policy[4] provides, in pertinent part:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence [and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incident thereto], and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage....

Exclusions

This insurance does not apply:

. . . .

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured *or to any obligation of the insured to indemnify another because of damages arising out of such injury;* but this exclusion does not apply to liability assumed by the insured under an incidental contract;

. . . .

App. at 38–39, 41 (emphasis added; emphasized portion hereinafter Exclusion J).

After Adriatic denied coverage for the amended indemnification claim, Pearson filed a declaratory action in Iowa state court; Adriatic removed the case to federal district court. Pearson sought a declaration that the policy provided coverage for the Morrell claim. Morrell later intervened, adopting Pearson's position on the coverage issue. Adriatic then moved for summary judgment on the issue of whether its policy covered a claim for indemnification based on the breach of an independent contractual duty. The district court grant-

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. Baedke died while that action was pending.

3. Pearson also sought coverage from another of its carriers, INA Insurance Company (INA). Morrell later settled with INA, and thus the district court did not rule on any issue concerning INA. *See Pearson Svcs., Inc. v. INA Ins. Co.,* No. 90–3007, slip op. at 1 (N.D.Iowa Nov. 2, 1990).

4. Adriatic's policy with Pearson contains two "Coverage Parts." The first, L6408, provides "Manufacturers' and Contractors' Liability Insurance." The second, L6415, provides "Owners', Landlords' and Tenants' Liability Insurance." *See* App. at 35. The two coverage parts use substantially identical language. The differing language, which is from L6415, is in brackets.

ed the motion, ruling that under Iowa law the plain language of Exclusion J excluded coverage for Morrell's claim. Morrell now appeals.

## II.

Morrell argues that the district court erred in holding that Exclusion J excludes coverage for its indemnification claim against Pearson, and thus that summary judgment for Adriatic was improper. We review the district court's state law ruling de novo. *See Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1219, 113 L.Ed.2d 190 (1991). Under Iowa law, an insurer must "define clearly and explicitly any limitations or exclusions to coverage." *See Cairns v. Grinnell Mut. Reinsurance Co.,* 398 N.W.2d 821, 825 (Iowa 1987). These exclusions must be viewed "from the standpoint of an ordinary person, not a specialist or expert." *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 786 (Iowa 1988); *accord Dahlke v. State Farm Mut. Auto. Ins. Co.,* 451 N.W.2d 813, 815 (Iowa 1990). If the exclusion is ambiguous, that is, a "genuine uncertainty [exists] as to which one of two or more meanings is the proper one," the interpretation favoring the insured is adopted. *Cairns,* 398 N.W.2d at 824 (quotation omitted). However, an exclusion is not ambiguous merely because the parties disagree about its meaning. *See North Star Mut. Ins. Co. v. Holty,* 402 N.W.2d 452, 454 (Iowa 1987).

Morrell first contends that the relevant portion of Exclusion J, "This insurance does not apply . . . to any obligation of the insured to indemnify another because of damages arising out of such [work-related] injury," is ambiguous. Viewing this language from the standpoint of the ordinary person, we disagree. The exclusion states that the policy does not cover Pearson for any obligation to indemnify Morrell because of damages from bodily injury. The exclusion is clear and explicit, and creates no *genuine* uncertainties as to meaning. Therefore, we hold that Exclusion J is not ambiguous.

Our conclusion is consistent with that of the Fifth Circuit in *National Union Fire Ins. Co. v. Kasler Corp.,* 906 F.2d 196 (5th Cir.1990), in which the same exclusion was at issue. *Id.* at 197. After applying Texas canons of insurance policy interpretation that are similar to those in Iowa, the Fifth Circuit also concluded that the exclusion was unambiguous. *See id.* at 198–99.

Morrell next argues that Exclusion J cannot apply to its indemnification claim because the claim "does not arise out of the injuries sustained by Baedke." Morrell's Brief at 7. Morrell bases this argument in part on language found in *Woodruff Constr. Co. v. Barrick Roofers, Inc.,* 406 N.W.2d 783 (Iowa 1987). The issue in that case was whether a subcontractor had an implied duty to indemnify the general contractor for the breach of the subcontractor's duty to perform the subcontract with due care, where the subcontractor's employee had been injured on the job and settled with the contractor. *Id.* at 783. In finding no such implied duty, the Iowa court observed that it had adopted the view that a "third party's action for indemnity is not exactly for 'damages' but for reimbursement, and it is not 'on account of' the employee's injury, but on account of breach of an independent duty owed by the employer to the third party." *See id.* at 785 (quoting Larson, *Workmen's Compensation: Third Party's Action Over Against Employer,* 65 Nw.U.L.Rev. 351, 368–69 (1970)).

Morrell's reliance on *Woodruff* is misplaced. Even though Morrell's indemnification claim may be based on an implied contractual duty, the claim nonetheless arises out of the injuries to Pearson's employee. If Baedke had not been hurt, Morrell would not be seeking indemnification. Therefore, that Morrell bases its indemnification claim on an independent contractual duty is irrelevant to the determination of whether Adriatic's policy provides coverage, a completely different legal issue. We therefore agree with the Fifth Circuit's conclusions that the basis for the indemnification claim "is legally insignificant for purposes of the policy," *Kasler,* 906 F.2d at 199 n. 1, and thus that the exclusion operates where "the genesis of the action is an

employee's work-related bodily injury." *Id.* at 200.

Morrell struggles mightily to distinguish *Kasler* from the case before us. Although Morrell does point out some differences,[5] the operative facts and legal standards, important for determining *Kasler's* relevance and ultimate persuasiveness, are essentially the same as those before us. Thus, Morrell understandably urges us to follow not *Kasler*, but *Royal Globe Ins. Co. v. Poirier*, 120 N.H. 422, 415 A.2d 882 (1980), where the New Hampshire Supreme Court, addressing the same exclusion, concluded that the clause only excludes "from liability coverage those damages that are compensable under a workmen's compensation policy." 415 A.2d at 886.[6] Morrell thus argues that under *Poirier*, Exclusion J does not exclude coverage for its indemnification claim, only coverage for workers' compensation claims.

■ As to the workers' compensation issue, support for the *Poirier* court's position is found in an insurance industry publication. *See* J. Robertson, ISO Commercial Liability Forms: A Side–By–Side Comparison § A.2.e (4th ed. 1986). But under Iowa law we must take the viewpoint of a reasonable person, not a specialist or expert. *See Voeltz*, 431 N.W.2d at 786. We believe that a reasonable person would read Exclusion J to exclude coverage for all indemnification claims that arise from work-related injuries. Therefore, we decline to follow *Poirier* and agree with the Fifth Circuit that *Poirier* is neither persuasive nor controlling. *Kasler*, 906 F.2d at 200.

In sum, we hold that, under Iowa law, Exclusion J is unambiguous and that it excludes coverage for an indemnification claim that is based on damages arising out of an employee's work-related injury.

**III.**

For the foregoing reasons, we affirm the district court's judgment.

---

**5.** These differences deal primarily with technical workers' compensation issues and the ultimate merits of its suit against Pearson.

**6.** The New Hampshire court also concluded that "the language of exclusion 'j' [does not] effectively convey[ ] to a reasonable person in the position of the insured that in an indemnity action all damages ... are excluded," 415 A.2d at 886, a conclusion with which we disagree. Even if we agreed with this conclusion, we would disagree with the statement that the provision excludes *all* damages in an indemnity action. The exclusion is clearly limited to damages arising out of a work-related injury.