The **TRAVELERS INDEMNITY COMPANY, Appellant,**

v.

**CEN-TEXAS VENDING COMPANY et al., Appellees.**

No. 4842.

Court of Civil Appeals of Texas, Eastland.

Nov. 21, 1975.

Rehearing Denied Dec. 12, 1975.

L. B. Slagle, Brownwood, for appellant.

Gary R. Price, Brownwood, for appellees.

McCLOUD, Chief Justice.

This case involves the interpretation of an employee exclusion clause in an automobile insurance policy.

The Travelers Indemnity Company issued an automobile insurance policy to Wayne Colvin and Bob Peters, d/b/a Cen-Tex Vending Company. Delbert E. Angerstein, while in the course of his employment for Cen-Tex Vending, was injured in an automobile accident while driving a vehicle owned by Cen-Tex and insured by defendant. Travelers had been previously notified by letter from its local agent that Angerstein was an "additional driver" under the policy. Angerstein was not a domestic employee and he was not covered by workmen's compensation insurance. The essential facts were stipulated.

Plaintiffs, Cen-Tex Vending Company and Delbert E. Angerstein, sued, defendant, The Travelers Indemnity Company, seeking recovery for medical expenses incurred by Angerstein. The trial court entered judgment for plaintiffs for $7,450, which included medical expenses, penalty, interest and attorney's fees. Defendant has appealed. We reverse and render.

The policy provides:

"Coverage C—Automobile Medical Payments ·

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured or his spouse if a resident of

the same household, *or with the permission of either;* or . . . " (Emphasis added)

Under "Exclusions" the policy states:

"This policy does not apply: . . .

(h) under division 1 of Coverage C, to bodily injury to or sickness, disease or death of any employee of the named insured or spouse arising out of and in the course of (1) domestic employment by the named insured or spouse, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) *other employment by the named insured or spouse* ;" (Emphasis added)

The medical expenses incurred by Angerstein were expressly excluded. He was in the course of his employment for the named insured at the time of the accident. The policy provides that a domestic employee in the course of employment is excluded only if benefits are in whole or in part either payable or required to be provided under any workmen's compensation law. We think it is clear, however, that any other employee of the insured who is injured within the course of his employment is excluded from receiving benefits. The phrase, ". . . other employment by the named insured or spouse", refers to employment other than domestic employment. Whether benefits are in whole or in part payable or required to be provided under any workmen's compensation law is immaterial except as to domestic employees.

*Commercial Standard Ins. Co. v. American General Insurance Company,* 455 S.W.2d 714 (Tex.1970), cited by plaintiffs, is not controlling. There the court held that because of the "Severability of Interests" clause, liability coverage was afforded an additional insured who was sued by employees of another additional insured.

The judgment of the trial court is reversed and rendered.