**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Plaintiff–Appellant,**

v.

**KASLER CORPORATION, Defendant–Appellee.**

**No. 90–1003**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 24, 1990.

Rehearing Denied Sept. 4, 1990.

Sharis L. Hauder, Steven R. Shattuck, Fanning, Harper, Martinson, Dallas, Tex., for plaintiff-appellant.

Andrew Bramnick, Frederic Gover, Scott Griffith, Canterbury, Stuber, Elder & Gooch, Dallas, Tex., for defendant-appellee.

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We are asked to decide whether a comprehensive general liability policy binds an insurer to defend and indemnify its insured regarding certain third-party claims. Concluding that an exclusionary clause within the policy unambiguously discharges the insurer from any duty to defend and indemnify the particular third-party claim prosecuted here, arising from an employee's work-related bodily injuries, we reverse.

### I.

In May 1985, the National Union Fire Insurance Company of Pittsburgh (National Union) issued a one-year comprehensive general liability policy to the Kasler Corporation (Kasler). With this policy in force, Kasler contracted with the State of Texas to construct an access road. A Kasler employee was injured during road construction when a tool inadvertently struck a Texas Utilities Electric Company (Texas Utilities) powerline.

The Kasler employee sued Texas Utilities in state court for personal injuries, alleging negligence in the location and inspection of the powerline. Texas Utilities, in turn, joined Kasler in a third-party suit for contribution or indemnification in the event liability should result, under the theory that Kasler negligently trained and supervised the injured employee.

Kasler demanded that its insurer, National Union, defend Texas Utilities's third-party suit under the terms of the comprehensive general liability policy then in effect. National Union, however, vehemently disclaimed any obligation to defend or indemnify Kasler, in the event of liability, relying upon two separate exclusionary clauses. Those clauses provide that the insurance does not apply

(i) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; . . . .

There is no dispute that Kasler, at the time of injury, was covered by a separate workers' compensation insurance policy, which provided compensation to the injured employee here. Nor do the parties contest that the employee was acting within the course and scope of his employment at the time of injury. However, the parties are at complete odds with respect to their respective obligations, if any, under the insurance policy then in force.

National Union filed this diversity action, seeking declaratory relief regarding its purported right under the policy to remain disengaged from the third-party suit against its insured. As the facts are not

disputed, the district court granted summary judgment in favor of Kasler and denied National Union's cross-motion for summary judgment, thus forcing National Union to defend and honor the Texas Utilities claims pending in state court.

In so ruling, the court reasoned that the two exclusionary clauses at issue do not release National Union from its comprehensive insurance obligations under the facts of this case. Specifically, the policy allegedly binds National Union for claims and damages *falling outside* the coverage of Kasler's workers' compensation policy. Accordingly, since Texas Utilities's third-party claim is not compensable under Kasler's workers' compensation policy, the exclusionary language of the policy does not strictly apply to discharge National Union from coverage.

On appeal, National Union argues that the district court erroneously relied upon New Hampshire authority instead of upon Texas caselaw, which, we are told, adheres to principles of contract construction that gives operative effect to the exclusionary clauses at issue here. In response, Kasler maintains that the exclusionary language is ambiguous and must be construed adversely to the insurer. It suggests, in addition, that a third-party action for contribution falls outside the policy's strict language and that public policy considerations force insurers to bear the risk of loss where, as alleged here, parties cannot reasonably foresee gaps in workers' compensation and comprehensive general liability insurance coverage.

## II.

■ The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination meriting *de novo* review. *Truehart v. Blandon*, 884 F.2d 223, 226 (5th Cir.1989); *Ross v. Western Fidelity Ins. Co.*, 872 F.2d 665, 668 (5th Cir.), *clarified*, 881 F.2d 142 (5th Cir.1989). Neither party disputes that the substantive law of Texas governs the interpretation of the insurance policy at issue here.

Texas law adheres to certain maxims of contract interpretation regarding insurance policies that operate squarely in favor of the insured. *See Harbor Ins. Co. v. Trammell Crow Co.*, 854 F.2d 94, 99 (5th Cir. 1988) (reviewing Texas rules of construction), *cert. denied*, —— U.S. ——, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989); *Ideal Mut. Ins. Co. v. Last Day Evangelical Ass'n*, 783 F.2d 1234, 1238 (5th Cir.1986) (same). Texas courts have candidly stated, "[i]t is a settled rule that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, and especially so when dealing with exceptions and words of limitation." *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex.1976); *accord Kelly Assoc., Ltd. v. Aetna Cas. & Sur. Co.*, 681 S.W.2d 593, 596 (Tex.1984). Further, where a policy is susceptible to more than one reasonable interpretation, "Texas courts apply the construction which favors the insured and permits recovery...." *Trammell Crow*, 854 F.2d at 99 (citing *Ramsay*, 533 S.W.2d at 349); *accord Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977).

■ Significantly, "[t]hese special rules favoring the insured are only applicable where there is an ambiguity in the policy; if the term in question is susceptible of only one reasonable construction, then these rules do not apply." *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 918 (Tex.App.—Fort Worth 1988, writ denied) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984), and *Ranger Ins. Co. v. Bowie*, 574 S.W.2d 540, 542 (Tex.1978)). Where no ambiguity exists, it is the duty of the court to enforce the policy in accordance with its plain meaning. *Puckett*, 678 S.W.2d at 938. That is, "courts will neither create ambiguity in an insurance policy where none exists nor make a new contract for the parties...." *Yancey*, 755 S.W.2d at 918. To that end, we must endeavor to construe the insurance contract so as to avoid rendering any of its terms meaningless. *See Ideal Mut.*, 783 F.2d at 1238; *Blaylock v. American Guar. Bank Liability Ins. Co.*, 632 S.W.2d 719, 722 (Tex.1982).

Texas law thus still recognizes the possibility of an unambiguous insurance contract that, if found, shall be enforced strictly in accordance with its terms and regardless of the harshness of the fiscal consequences to either the insurer or insured. In this case, we conclude that neither exclusionary clause (i) nor (j) is ambiguous in meaning and, further, that clause (j) discharges National Union from any duty to defend Texas Utilities's third-party claims under the facts of this case.

Kasler maintains, unconvincingly, that clauses (i) and (j) are ambiguous and that the insurer bears the consequences of such a defect. It correctly interprets clause (i) as excluding first-party claims that are otherwise covered by workers' compensation. Since we resolve this coverage dispute on the basis of clause (j), however, we need not address whether clause (i), in addition, operates to discharge National Union from third-party claims *arising from* injuries covered by workmen's compensation.

Kasler further urges that since clause (j) is heavily flavored with workers' compensation terminology (i.e., workers injured in the course of employment), the clause, by implication, targets employers who fail to subscribe to the workers' compensation act and select, instead, to litigate liability. Stated differently, clause (i) purportedly excludes first-party claims arising under a workers' compensation statute, whereas clause (j) excludes first-party claims that ordinarily would be governed by workers' compensation if the employer had subscribed to the act.

To repeat Kasler's interpretation of clauses (i) and (j) is to expose, most clearly, the fallacy of its position. Kasler dedicates most of its brief to instructing us as to clause (j)'s alleged multiple, ambiguous nuances and its subtle relationship with workers' compensation insurance (clause i). Although clause (j), unlike clause (i), never mentions the phrase "workmen's (i.e.,

workers') compensation," we nonetheless are told that the exclusion "applies only to direct or indirect damage claims against the insured solely to the extent that the damages claimed in the underlying action are otherwise compensable under workers' compensation."

However, we harbor no doubts about the import of clause (j) here. That clause excludes coverage for any bodily injury to a Kasler employee arising during the course of employment *or "any* obligation of the insured [i.e., Kasler] to indemnify another [i.e., Texas Utilities] because of damages arising out of such injury" (emphasis added). In this case, the Kasler employee was injured during the course of employment. Further, the third-party claim prosecuted by Texas Utilities is designed to secure indemnification [1] from Kasler for any liability arising out of the employee's work-related injury. The facts of this case fall squarely within the exclusionary language of clause (j).

Texas courts have had no occasion to construe the exclusionary affect, if any, of clause (j) in the context of third-party claims; however, we doubt seriously that Texas courts would endorse New Hampshire's construction, which was applied by the district court here. Specifically, in *Royal Globe Ins. Co. v. Poirier*, 120 N.H. 422, 415 A.2d 882, 885–86 (1980), an identical exclusionary clause proved ineffective in discharging the insurer from defending a third-party indemnification claim.

The *Poirier* court interpreted clause (j) as excluding only workmen's compensation claims, which is the obvious design of clause (i) in National Union's policy.[2] The court concluded that it would be "anomalous," as a public policy matter, to expose employers to third-party liability, as the compensation statutes do not bar such indemnification recovery. Presumably, any potential gap in coverage between workers' compensation and general liability coverage

---

**1.** Although Texas Utilities's complaint prays for "contribution," we conclude that this choice of terminology is legally insignificant for purposes of the policy. Essentially, Texas Utilities wishes to be compensated by Kasler if the Kasler employee secures a judgment against the utility company.

**2.** In *Poirier,* it is uncertain whether the applicable policy also contained an express exclusion discharging the insurer from coverage of workers' compensation claims, similar to that in clause (i) of the National Union policy.

was contrary to the intent of the parties in *Poirier*. Nevertheless, we believe *Poirier* to be neither persuasive nor controlling.

Texas courts enforce exclusionary clauses if unambiguous in design and meaning and if the facts demonstrate that the claim falls within the scope of exclusionary language. *See, e.g., Aberdeen Ins. Co. v. Bovee*, 777 S.W.2d 442, 444 (Tex.App.—El Paso 1989, no writ) (liability policy excludes coverage for work-related bodily injuries to employees); *Travelers Indem. Co. v. Cen-Texas Vending Co.*, 530 S.W.2d 354, 355 (Tex.Civ.App.—Eastland 1975, writ ref'd n.r.e.) (employee exclusion clause discharges insurer from coverage). Kasler distinguishes such authority on the basis that Texas courts have squarely addressed exclusionary provisions similar to those found in the National Union policy only with respect to first-party, not third-party, claims.

The implication of this charge is presumably that the nature of claims involving work-related injuries to employees is transformed in the third-party context, where the suit is typically framed to secure contribution or indemnification, not tort damages. However, as clause (j)'s language expressly contemplates indemnification for work-related bodily injury, and thus third-party suits, this argument lacks merit.[3]

Clause (j) unambiguously discharges National Union from its obligation to defend Kasler in third-party indemnification suits where, as here, the genesis of the action is an employee's work-related bodily injury. Since the facts giving rise to this coverage dispute squarely fall within clause (j)'s exclusionary language, Texas law requires that summary judgment be rendered in favor of National Union. Accordingly, we REVERSE the summary judgment entered in favor of Kasler and RENDER summary judgment in favor of National Union.

So ordered.

---

**3.** Clause (j) provides that insurance does not apply "to any obligation of the insured [Kasler] *to indemnify another* [Texas Utilities] because of damages arising out of such [work-related] injury...." (Emphasis added.)