United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-21228

NATIONAL AMERICAN INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellant,

VERSUS

H.E. BUTT GROCERY COMPANY,

Defendant - Counter Claimant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-01-0797)

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:[*]

In this declaratory judgment action, plaintiff-appellant National American Insurance Company ("NAICO") and defendant-appellee H.E. Butt Grocery Company ("HEB") dispute whether an insurance policy issued by NAICO to Edmond's Refrigeration, Inc. ("Edmond's") requires NAICO to defend and indemnify HEB in a suit

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

brought by an Edmond's employee.  The district court found that it did.  Because the underlying agreement between HEB and Edmond's does not unambiguously require Edmond's to provide HEB with insurance coverage for this type of suit, we REVERSE the grant of summary judgment by the district court, VACATE the award of attorney's fees to HEB, and REMAND this case to the district court.

## I. Background

On January 9, 1997, HEB entered into a Maintenance Agreement ("Agreement") with Edmond's.  Under the contract, Edmond's provided maintenance for the heating, ventilation, air conditioning, and refrigeration equipment in a number of HEB's stores.  In addition, Paragraph 15 of the Agreement required Edmond's to furnish HEB "with a liability [hold][1] harmless insurance policy or a reasonable facsimile thereof on personnel working in [HEB's] stores." The Agreement was later renewed through November 31, 2001.

On April 1, 1998, pursuant to the Agreement, NAICO issued Edmond's a Texas Commercial Package Liability Policy, policy number CMP379142D, effective from April 1, 1998 to April 1, 1999.  Section II.5 of the policy contains the following endorsement for "Additional Insureds" ("Additional Insured Endorsement"):

> 5.  Any entity you are required in a written contract (hereafter called Additional Insured)

---

[1]  Paragraph 15 contained the word "whole."  But HEB and NAICO agree that the parties to the Agreement intended to use the word "hold."

to name as an insured is an insured but only with respect to liability arising out of your premises, "your work" for the Additional Insured, or acts or omissions of the Additional Insured in connection with the general supervision of "your work" to the extent set forth below

. . .

e.  Except when required otherwise by contract, this insurance does not apply to:

. . .

(2)  "Bodily injury" or "property damage" arising out of any act or omission of the Additional Insured(s) or any of their employees, other than the general supervision of work performed for the Additional Insured(s) by you.

On April 14, 1999, Robert Admire, an Edmond's employee, filed a premises liability suit against HEB in Texas state court, alleging he was injured after falling headfirst from the roof access of an HEB store while performing maintenance work there. Admire claimed that a defective security gate was responsible for his injury, which occurred on August 3, 1998.

NAICO agreed to provide HEB with a defense to the Admire suit under a reservation of rights declaration. On March 8, 2001, however, it filed this action seeking a declaratory judgment that it had no duty to defend or indemnify HEB in that suit. Both parties moved for summary judgment. On September 24, 2001, the district court granted summary judgment in favor of HEB, holding

3

that NAICO was required to defend and indemnify HEB in the Admire suit. On November 19, 2001, the court denied NAICO's motion for reconsideration and the next day ordered it to pay HEB $8,750 in attorney's fees. NAICO timely appealed.

## II. Analysis

The parties agree that if HEB is an "additional insured" under Edmond's liability policy for purposes of the Admire suit, then NAICO is required to defend and indemnify HEB. "The interpretation of an insurance contract ... is a legal determination meriting *de novo* review." *Nat'l Union Fire Ins. Co. v. Kasler*, 906 F.2d 196, 197 (5th Cir. 1990); *see also Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000). Therefore, we review *de novo* the district court's determination that HEB was covered as an "additional insured" under the NAICO policy.

Under Texas law, which we apply in this diversity action, insurance policies are contracts and are therefore governed by the general rules of construction applicable to contracts. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430 (Tex. 1995). When interpreting a contract, the court's main duty is to give effect to the written expression of the parties' intent. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). When the terms used in an insurance policy are unambiguous, they are to be given their plain, ordinary, and generally accepted meaning unless the

4

instrument itself shows that the terms have been used in a technical or different sense. *Sec. Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex. 1979). But if the provision is susceptible to more than one fair and reasonable interpretation, then the provision is ambiguous. *See Ohio Cas. Group of Ins. Cos. v. Chavez*, 942 S.W.2d 654, 658 (Tex. App. 1997). Whether an insurance provision is ambiguous is a question of law. *Id.* at 657.

Under a general liability policy, like that at issue in this case, an insurer has a duty to defend its insured if the allegations in a suit allege facts that are potentially covered by the policy. *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787 (Tex. 1982). A duty to indemnify arises when the underlying litigation establishes liability for damages covered by the insuring agreement of the policy. *Malone v. Scottsdale Ins. Co.*, 147 F. Supp. 2d 623 (S.D. Tex. 2001).

As we noted above, the Additional Insured Endorsement states: "Any entity you are required in a written contract ... to name as an insured is an insured but only with respect to any liability arising out of ... 'your work' for the Additional Insured." Both parties recognize that this general provision is limited by Section II.5.e.2, which states: "Except when required otherwise by contract, this insurance does not apply to: ...'Bodily injury' ... arising out of any act or omission of the Additional Insured(s)

5

..., other than the general supervision of work performed for the Additional Insured(s) by you."  HEB contends that the opening phrase of Section II.5.e.2, which makes the limitation inapplicable "when otherwise provided by contract," controls the outcome because Edmond's was required by Paragraph 15 of the Agreement to furnish HEB with insurance coverage for HEB's own negligence.  Paragraph 15 requires Edmond's to furnish HEB "with a liability [hold] harmless insurance policy or a reasonable facsimile thereof on personnel working in [HEB's] stores."  HEB thus argues that NAICO's coverage of HEB is required by the "otherwise provided by contract" language, such that NAICO must defend and indemnify HEB for <u>all</u> acts involving Edmond's personnel.  In response, NAICO maintains that Paragraph 15 only requires Edmond's to provide HEB with coverage for acts in which Edmond's employees <u>cause injury</u> while performing work for HEB, not for acts in which Edmond's employees <u>are injured by</u> HEB's own negligent acts.

To resolve this coverage dispute, therefore, it must be determined whether Paragraph 15 of the Agreement requires Edmond's to furnish coverage for HEB's negligence that <u>causes injury to</u> Edmond's personnel or merely requires Edmond's to provide HEB with insurance against damage <u>caused by</u> Edmond's personnel. The wording of Paragraph 15 is, however, ambiguous.  In particular, the phrase "on personnel" is susceptible to multiple meanings.  Under NAICO's

6

interpretation, the phrase means "on acts of personnel," thereby only requiring coverage of negligent acts caused by Edmond's employees. HEB maintains that it means "involving personnel," which would cover both negligent acts caused by Edmond's employees and negligent acts that injure Edmond's employees. We conclude that this phrase is sufficiently vague to reasonably encompass both interpretations. Because both interpretations are reasonable, neither is controlling. Consequently, the intent of the parties cannot be ascertained from the written expressions in the contract, and the contract is ambiguous.[2]

Generally, when an insurance contract is ambiguous, the contract is construed in favor of coverage. *Balandran*, 972 S.W.2d at 741. This rule is based on the more general rule that ambiguous contracts are construed against its author. *Id.* at 741 n.1; *Temple-Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex. 1984). But here, it is not the insurance agreement that is ambiguous. Rather, it is the Agreement, which NAICO did not draft.

---

[2] Because Paragraph 15 is an independent insurance-shifting provision, the express negligence doctrine is not applicable. The express negligence doctrine only applies to indemnity agreements and insurance-shifting provisions that support an indemnity provision. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 806 (Tex. 1992); *Emery Air Freight Corp. v. General Transport Sys., Inc.*, 933 S.W.2d 312, 314 (Tex. App. 1996). Here, both parties agree that the Agreement does not contain an indemnity agreement. Therefore, because Paragraph 15 is not an indemnity provision and not an insurance-shifting provision supporting one, the express negligence doctrine does not apply.

Therefore, we cannot automatically find coverage based on ambiguity in the insurance agreement. In addition, because Edmond's, which is not a party to this suit, drafted the Agreement, we will refuse to construe the ambiguity against HEB.

Because we cannot resolve this coverage dispute based on any available rules of contract interpretation, the parties must resort to parol evidence to determine whether the contracting parties intended for the Agreement to require insurance coverage for negligent acts to Edmond's personnel. Thus, there is a disputed issue of material fact that precludes summary judgment. Therefore, we REVERSE the grant of summary judgment and REMAND to the district court for determination of this issue. In addition, because summary judgment was not proper, we VACATE the award of attorneys' fees granted to HEB. Finally, given our holding, we need not reach the issue of whether HEB introduced sufficient evidence to support a finding of a duty to indemnify.

### III. Conclusion

Because the Agreement is ambiguous, we cannot determine whether NAICO has a duty to defend and indemnify HEB for the Admire lawsuit. Therefore, we REVERSE the grant of summary judgment, REMAND the case to the district court, and VACATE the district court's award of attorney's fees to HEB.

8