# United States Court of Appeals for the Fifth Circuit

No. 23-30114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2023

Lyle W. Cayce
Clerk

Kim Kool, Incorporated,

*Plaintiff—Appellant*,

*versus*

Progressive County Mutual Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-432

_____

Before Dennis, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Appellant Kim Kool ("Kool") appeals the district court's determination that damages awarded to Kool are not covered under an insurance policy issued by Appellee Progressive County Mutual Insurance Company ("Progressive"). Kool sued Cobra Trucking, LLC ("Cobra") and Progressive based on damage to Kool's heat exchanger incurred while Cobra was

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30114

transporting the heat exchanger. After a bench trial, the district court found that while Cobra was contractually liable to Kool for the damage to the heat exchanger, those damages were not covered by the insurance policy Cobra had with Progressive because the policy explicitly excluded coverage for the negligence of Avery Belcher, the Cobra driver responsible for the damage.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Bd. of Trs. New Orleans Emp'rs Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.,* 529 F.3d 506, 509 (5th Cir.2008) (quoting *Water Craft Mgmt., LLC v. Mercury Marine,* 457 F.3d 484, 488 (5th Cir.2006)). "The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination meriting de novo review." *National Union Fire Ins. Co. of Pittsburgh, Penn. v. Kasler,* 906 F.2d 196, 197 (5th Cir.1990).

Kool argues on appeal that the district court erred in finding that the named driver exclusion precluded coverage because three policy endorsements cover the damage to the heat exchanger. Yet the main policy explicitly stated that "none of the insurance coverages afforded by this policy, or any related endorsements, shall apply while an insured auto or any other motor vehicle is operated by the following drivers: 'AVERY BELCHER.'" The plain meaning of the policy thus excluded coverage for damages caused by Belcher, regardless of any policy endorsements. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984) ("When there is no ambiguity, it is the court's duty to give the words used their plain meaning."). Accordingly, the district court properly found that the damages Cobra owes to Kool are not covered by the Progressive insurance policy.

The district court's judgment is AFFIRMED.