# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce
Clerk

No. 23-20430

Kennard Law P.C.,

*Appellant*,

*versus*

United Airlines, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1301

Before Clement, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

After granting summary judgment for the defendant employer in an employment discrimination lawsuit, the district court sanctioned the plaintiff employee's lead attorney and the attorney's law firm, Kennard Law P.C. ("Kennard Law"). Kennard Law appeals the order imposing sanctions. We VACATE and REMAND.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20430

# I

Kim Thomas ("Thomas"), an employee of United Airlines ("United"), was scheduled to work on July 20, 2019. She reserved a flight from Houston to Detroit on July 20 using her employee travel pass privileges but was unsuccessful in trading her full shift for that day with a coworker. Thomas asserted that she decided not to travel after she fell ill while waiting for her flight and briefly visited the emergency room at HCA Houston Northwest Hospital ("HCA"). She then called United's sick line to apply her Family and Medical Leave Act ("FMLA") intermittent leave, which allowed her to take leave once a week, to the remainder of her shift. She had, however, already exhausted her leave allotment for that week. Because she neglected to show up for her shift and called in sick several hours after her shift had ended, United opened an investigation.

Thomas faxed emergency room discharge papers to United, but United could not authenticate the July 20 visit. United contacted employees at HCA, who reported that Thomas was not seen at the hospital on July 20 and that the hospital had no record of her admittance to the emergency room on that date. United concluded that Thomas (1) falsely declared that she went to the HCA emergency room on July 20, (2) submitted a falsified document to support her purported hospital visit, and (3) refused to cooperate during the investigation. United ultimately fired her.

After being issued a notice of right to sue from the Equal Employment Opportunity Commission in early 2021, Thomas sued United in federal court under Title VII and the Americans with Disabilities Act for discrimination and retaliation based on her race and disability. During discovery, United obtained Thomas's medical records, which reflected that the discharge papers Thomas had submitted for the purported July 20 visit had the same account number as an overnight hospital visit she made on August 13, 2019.

The record indicates that HCA generates account numbers that are unique to each patient visit. Despite this evidence, Thomas continued to insist throughout the litigation, including under oath during her deposition, that she visited HCA on July 20.

United moved for summary judgment on all claims. In the district court's order granting summary judgment, it highlighted "convincing evidence" that Thomas had lied about her emergency room visit on July 20 and submitted falsified medical documentation to United. It also found that Kennard Law "amplif[ied]" Thomas's wrongdoing by bringing "to bear the courts and system of justice that wrongfully targeted United in this action." The district court identified five statements in Kennard Law's briefing in which it "vouched for a perjurious version of the facts" and concluded that basing arguments on "perjured testimony and forged documents . . . is contrary to the commands of [Federal Rule of Civil Procedure] 11(b)(3) & (4)." The district court then instructed United that it could, "if desired, bring a motion under Rule 11(c) for sanctions against the Kennard Law Firm for the entirety of its legal fees and expenses expended in this litigation[.]" Ellen Sprovach ("Sprovach") was Thomas's lead attorney, but Kennard Law contends she resigned from Kennard Law before the district court granted United's motion for summary judgment.[1]

---

[1] Kennard Law relies on Sprovach's resignation to argue that the firm was not responsible for what the district court described as "the additive and amplifying conduct of [Thomas's] counsel." Kennard Law insists that Sprovach was the lead attorney on the case and would have been the one to verify Thomas's version of events and certify them to the court. According to Kennard Law, the firm's liability was negligible at most, and it could not have been expected to meaningfully respond to the motion for sanctions. The docket sheet indicates that Kennard Law did not withdraw from its representation of Thomas and continued to receive notice of filings after Sprovach's departure, however. An advisory filed by Sprovach suggests that the firm retained access to her company email address to which the notices of filings were also sent.

United subsequently filed a motion for sanctions on April 12, 2023. On June 16, the district court granted United's motion for sanctions and jointly sanctioned Kennard Law and Sprovach in the amount of $52,287.72. After neither Kennard Law nor Sprovach responded to the motion for two months, the district court treated their failure to respond as a "representation of no opposition" per the court's local rules. The district court concluded that United's "substantial and persuasive" evidence that Thomas had not visited HCA on July 20 warranted imposing sanctions against Kennard Law under Rule 11. The district court found that Kennard Law violated Rule 11 by "conced[ing] that it initiated and maintained this lawsuit without any good-faith basis" because Kennard Law amended the complaint without reasonable investigation and with minimal evidentiary support. Additionally, it noted that Kennard Law "submitted factual contentions in briefing that lacked minimal evidentiary support" and "made denials of factual contentions that could in no way be warranted on the available evidence."

Kennard Law moved for reconsideration on June 29, 2023, asking the district court to reconsider, reverse, and vacate the order of sanctions because Kennard Law did not have a clear record to which it could respond. The district court found that a motion to reconsider under Rule 59(b) or Rule 60(b) was not the proper vehicle to rehash issues raised before the entry of judgment. Concluding that Kennard Law's motion did not cite any change in controlling law, present new evidence, or argue relief was necessary to correct a manifest error of law or fact, the district court denied the motion to reconsider. Kennard Law filed this appeal.

## II

As a preliminary matter, it is important for us to "examine the basis of our own jurisdiction, *sua sponte* if necessary." *United States v. Cronan*, 937

F.2d 163, 164 (5th Cir. 1991). A notice of appeal must include certain information (*e.g.*, name of the appealing party), *see* FED. R. APP. P. 3(c)(1)—otherwise, our subject matter jurisdiction is lacking, *McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 515 (5th Cir. 2015). The notice of appeal here is confusing, as the appealing party appears to be Thomas, but it also states that Kennard Law is appealing a state court judgment. This notwithstanding, we find "'objectively clear' from the notice" of appeal that Kennard Law is appealing the district court's sanctions order to this Court. *Batiste v. Lewis*, 976 F.3d 493, 508 (5th Cir. 2020) (quoting FED. R. APP. P. 3(c) advisory committee's note to 1993 amendment); *see, e.g.*, *Garcia v. Wash*, 20 F.3d 608, 610 (5th Cir. 1994) (per curiam).

## III

"We review the imposition of sanctions under Rule 11 for abuse of discretion." *Elliott v. Tilton*, 64 F.3d 213, 215 (5th Cir. 1995); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802–03 (5th Cir. 2003). A district court abuses its discretion when it bases its Rule 11 ruling on "an erroneous view of the law or a clearly erroneous assessment of the evidence." *Elliott*, 64 F.3d at 215 (citing *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)). "This court can affirm the district court on any ground supported by the record." *Ozmun v. Portfolio Recovery Assocs., L.L.C.*, 2022 WL 881755, at *6 (5th Cir. Mar. 24, 2022) (per curiam) (alterations adopted) (quoting *United States v. Mazkouri*, 945 F.3d 293, 307 (5th Cir. 2019)) (applying the principle in the context of imposition of sanctions).

## IV

Kennard Law argues that the district court erred by granting United's motion for sanctions despite United's failure to comply with Rule 11's safe harbor provisions. In the alternative, Kennard Law contends that the district court's failure to enforce Rule 11's safe harbor provisions evinces its intent

to sanction Kennard Law *sua sponte*, and because the district court also neglected to follow the procedural requirements of Rule 11(c)(3) for *sua sponte* sanction orders, the judgment should be reversed on that basis as well.[2]

## A

Kennard Law objects to United's failure to comply with the safe harbor provisions of Rule 11.

When a party moves for sanctions, Rule 11's safe harbor provisions dictate that the motion must be served in compliance with Rule 5 and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022) (quoting Fed. R. Civ. P. 11(c)(2)). These provisions cannot be waived by the party against whom sanctions are sought. *See Elliott*, 64 F.3d at 216.

United concedes, as is evident from the record, that it and the district court did not comply with Rule 11's safe harbor provisions in seeking Rule 11 sanctions. Rule 11's safe harbor provisions require a party seeking sanctions to serve the motion on the opposing party and then wait 21 days before filing the motion. Fed. R. Civ. P. 11(c)(2). Kennard Law clearly was not afforded 21 days to withdraw any papers that violated Rule 11 because only 13 days separated the district court's order, which granted summary judgment and invited United to file a motion for sanctions, and United's

---

[2] Kennard Law also maintains that 1) the district court's conclusion that Kennard Law engaged in sanctionable conduct was erroneous because Sprovach was lead counsel and 2) the district court improperly awarded attorneys' fees and costs *sua sponte*. Because we reverse based on Kennard Law's procedural challenges to the order imposing sanctions, we need not address these additional objections. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Kasler Corp.*, 906 F.2d 196, 199 (5th Cir. 1990).

sanctions motion. To the extent the sanction order relied on United's motion for sanctions, it was improperly entered despite United's failure to comply with the safe harbor provisions.

**B**

Kennard Law argues that the district court abused its discretion in granting Rule 11 sanctions *sua sponte* without following applicable procedural requirements.

A court may impose sanctions *sua sponte* under Rule 11. *See* Fed. R. Civ. P. 11(c)(3). The safe harbor provisions do not apply to a district court's *sua sponte* imposition of sanctions. *See id.* 11(c)(2). For that reason, we have previously assumed that a district court intended to "impose[] . . . sanctions on its own initiative" solely because one party had "filed a motion seeking sanctions, [but] their motion failed to follow the safe harbor procedures of Rule 11." *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009).

But a district court still must follow certain procedural mandates before issuing an order imposing sanctions *sua sponte*. Rule 11(c)(3) provides that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated" Rule 11. *See Jenkins v. Methodist Hosps. of Dall., Inc.*, 478 F.3d 255, 264 (5th Cir. 2007) ("If, after notice and a reasonable opportunity to respond, the court determines Rule 11 sanctions may be warranted, it may *sua sponte* issue a show-cause order specifying the offending conduct and, following a response, may impose sanctions."). "We have held that a district court imposing sua sponte sanctions abuses its discretion by disregarding Rule 11's procedural requirements that it issue a show cause order and describe the specific offensive conduct." *Brunig*, 560 F.3d at 297 (citing *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999)).

A show-cause order under Rule 11(c)(3) need not be its own separate order. *See id.* at 297 n.18. We have previously deemed an order adequate to satisfy Rule 11(c)(3) where it was included in a magistrate judge's report and recommendation and simply directed the party against whom sanctions were sought, "[i]f [he] chooses[,] to show cause why sanctions may not be warranted in this case." *Id.* at 297. On the other hand, a final order "grant[ing] the appellees their costs as either indemnification or sanctions" did not provide sufficient notice to comply with the rule. *Goldin*, 166 F.3d at 714, 722.

Here again, the district court did not comply with these procedural requirements. It did not issue an order for Kennard Law to show cause why sanctions should not be imposed, and nothing in any of its related orders satisfies Rule 11(c)(3)'s mandates. The district court expressly invited United to file a motion for sanctions "if desired," but it did not suggest that it would raise the issue *sua sponte* if United declined to do so. The district court's failure to issue a show-cause order as required by Rule 11(c)(3) constitutes an abuse of discretion. *Brunig*, 560 F.3d at 297.

## V

United maintains that the order imposing sanctions should be affirmed because the record supports a finding of bad faith such that the district court could have relied on its inherent power to impose sanctions.

Federal courts enjoy an inherent power to manage their own affairs to achieve the orderly disposition of cases. *In re Goode*, 821 F.3d 553, 558–59 (5th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This power includes the ability to discipline attorneys. *Id.* at 559. "[A] court should invoke its inherent power to award attorney's fees only when it finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008)

(internal quotation marks and citation omitted). Accordingly, "a specific finding that the [sanctioned party] acted in bad faith" is a prerequisite for imposing sanctions pursuant to a court's inherent power. *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998). We have reversed the imposition of sanctions where "the district court merely made general complaints about the sanctioned party." *Goldin*, 166 F.3d at 722 (citing *Elliott*, 64 F.3d at 217).

Bad faith exists when a party knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Portillo v. Cunningham*, 872 F.3d 728, 740 n.29 (5th Cir. 2017); *see also Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 n.4 (5th Cir. 2015) ("Bad faith implies that a litigant intentionally took a position he subjectively knew was unfounded."). When invoking its inherent power to sanction parties or their attorneys, the court must comply with the mandates of due process in determining whether bad faith exists. *Chambers*, 501 U.S. at 50. And "the threshold for the use of inherent power sanctions is high." *Elliott*, 64 F.3d at 217 (internal quotation marks and citation omitted).

Because "this court can affirm the district court on any ground supported by the record," we may consider United's inherent-power argument despite the fact that it was not raised before the district court. *Ozmun*, 2022 WL 881755, at *6. Ultimately, however, it does not save the district court's order imposing sanctions.

United's motion for sanctions did not rely on the district court's inherent power at all. The district court's sanctions order likewise did not refer to its own inherent authority to discipline parties and attorneys. Kennard Law had no notice that the district court might rely on its inherent power to impose sanctions and no opportunity to respond to the district court's purported bad faith finding. The procedure here therefore did not comport with principles of due process. *See Chambers*, 501 U.S. at 50.

Moreover, the district court did not make a "specific finding" of bad faith. *See Gipson v. Weatherford Coll.*, 2023 WL 7314355, at *2 (5th Cir. Nov. 6, 2023) (per curiam) ("The district court's order imposing monetary sanctions on defense counsel contains no mention of 'bad faith,' let alone a 'specific finding.'"). Instead, it simply listed several arguably false statements Kennard Law made, which is insufficient to show bad faith. *Goldin*, 166 F.3d at 722 (reversing imposition of sanctions where district court merely listed frustrating conduct by party).

And even if the district court had complied with these procedural safeguards, nothing in the final order imposing sanctions amounts to a finding of bad faith on the part of Kennard Law. The district court stated simply that Kennard Law "could not merely accept as true and trustworthy allegations such as those made by Thomas and on that basis present them to a federal court." The district court concluded that Kennard Law "failed to undertake any such reasonable inquiry into the allegations made by its client." These failures to act reasonably do not suggest that "fraud has been practiced upon" the court "or that the very temple of justice has been defiled." *Maxxam, Inc.*, 523 F.3d at 590. The district court's findings do not reflect any intentionally or recklessly fraudulent conduct. Accordingly, the order imposing sanctions does not satisfy the "high" threshold for invoking a district court's inherent power to sanction attorneys and parties. *Elliott*, 64 F.3d at 217.

\* \* \*

VACATED and REMANDED.